AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Scott Galimidi,<br><br>Defendant(s) | Case No. 19-6508-Seltzer |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __2/15/2019, 2/22/2019, and 4/11/2019__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) | Count 1: Possession with the Intent to Distribute 5 grams or more of methamphetamine |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) | Counts 2-3: Possession with the Intent to Distribute 50 grams or more of methamphetamine |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Donald Geiger, DEA Task Force Officer
Printed name and title

Sworn to before me and signed in my presence.

Date: 10/24/2019

_____
Judge's signature

City and state: Fort Lauderdale, Florida

Barry S. Seltzer, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Donald Geiger, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Task Force Officer with the Drug Enforcement Administration ("DEA") currently assigned to the Miami Field Division. My duties and responsibilities include investigating the distribution of illicit drugs and other violations of Title 21, United States Code, Sections 841(a) (possession with the intent to distribute a controlled substance) and 846 (conspiracy to possess with intent to distribute a controlled substance). In this capacity, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have received comprehensive training in investigating violations of the Controlled Substances Act, narcotics, and money laundering. As a result of this training and conducting hundreds of narcotic-related investigations, I am knowledgeable in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as the means and methods in which offenders can use residences to facilitate their narcotics trafficking operation. I have been a sworn law enforcement officer since June 2008, having served with the Fort Lauderdale Police Department ("FLPD") during this entire time.

2. The facts in this Affidavit come from my personal observations, my training and my experience, and information obtained from other law enforcement officers, and witnesses involved in this investigation. This Affidavit seeking the issuance of an arrest warrants does not include all the information known to me, but only information sufficient to establish probable

1

cause that between in or around November 2018 and continuing through on or about April 11, 2011, in the Southern District of Florida and elsewhere, Scott Galimidi ("GALIMIDI") did knowingly and intentionally possess with intent to distribute five (5) grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) (Count 1), and did knowingly and intentionally possess with intent to distribute fifty (50) grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) (Counts 2-3).

## PROBABLE CAUSE

3.  In or around November 2018, an FLPD Detective learned from an FLPD-documented confidential source ("CS") that he/she knew GALIMIDI was selling methamphetamine in the Southern District of Florida. At the direction of the FLPD, the CS purchased approximately 1 gram of methamphetamine from GALIMIDI. During this transaction, the CS told GALIMIDI that he/she knew of someone looking to purchase methamphetamine from him. GALIMIDI advised the CS to provide his (GALIMIDI's) phone number to the potential buyer. This concluded the CS involvement in this case.

4.  On or about February 12, 2019, an FLPD detective working in an undercover capacity ("UC") made contact with GALIMIDI via text message looking to meet and purchase methamphetamine. The UC and GALIMIDI agreed to meet at the Best Buy, located at 1901 North Federal Highway Fort Lauderdale, Florida, which is in the Southern District of Florida. Prior to the meeting, the UC was equipped with an audio and video recording device. At approximately 3:19 p.m., GALIMIDI sent a text message to the UC, advising the UC that he was inside the Best Buy. At approximately 3:21 p.m., the UC and GALIMIDI met in the parking lot

of the Best Buy. During the meeting, GALIMIDI stated that he would sell one (1) ounce of crystal methamphetamine for seven hundred fifty dollars ($750.00). The UC agreed to purchase the crystal methamphetamine at that price with the transaction to occur on Friday, February 15, 2019.

5. On or about February 15, 2019, at approximately 11:28 a.m., the UC sent a text message to GALIMIDI to confirm that they were to meet that afternoon in order to conduct the sale of one (1) ounce of crystal methamphetamine. Prior to the meeting, the UC was equipped with an audio and video recording device, and provided with seven hundred fifty dollars ($750.00) of Official Advanced Funds (OAF) from FLPD. At approximately 3:00 p.m., surveillance units observed GALIMIDI entering the Best Buy parking lot, located at 1901 North Federal Highway Fort Lauderdale, Florida, while driving a blue Chevrolet Impala (Florida tag IJTF97). The UC made telephonic contact with GALIMIDI and instructed him to come to the UC vehicle. GALIMIDI subsequently entered the front passenger seat of the UC's vehicle. Once inside the vehicle, GALIMIDI handed a blue Best Buy shopping bag to the UC. Upon looking inside the bag, the UC observed a box for a remote control. GALIMIDI advised the UC to open the box to retrieve the methamphetamine. The UC opened the box and observed three large crystal-like pieces of suspected methamphetamine. The UC took possession of the one (1) ounce of crystal methamphetamine and handed the $750 OAF to GALIMIDI. GALIMIDI then exited the UC vehicle, entered his own vehicle, and left the area. Laboratory analysis determined that the amount of pure methamphetamine purchased from GALIMIDI on this date was approximately 27.7 grams ± 1.1 grams with a purity rate of 97% ± 4%.

6. On or about February 22, 2019, at approximately 2:00 p.m., the UC arrived at the 7-11 convenience store, located at 951 E. Cypress Creek Road, Fort Lauderdale, Florida, which is

located in the Southern District of Florida. Prior to arriving, the UC was equipped with audio and video recording devices, and provided with two thousand six hundred dollars ($2600.00) of DEA OAF. Approximately fifteen (15) minutes later, law enforcement observed a blue Chevrolet Impala bearing Florida tag ITJF97 arriving at the location. The driver and sole occupant was GALIMIDI. GALIMIDI parked the vehicle in a parking spot and motioned the UC to come to his vehicle. The UC subsequently exited his/her vehicle and entered GALIMIDI's vehicle through the front passenger seat. Once the UC was inside the vehicle, GALIMIDI motioned the UC to a box located on the center console of the vehicle. The UC opened the box and observed large crystal-like substance suspected to be four (4) ounces of crystal methamphetamine. In exchange, the UC gave $2600.00 to GALIMIDI and instructed GALIMIDI to count it. After confirming the amount was $2600.00, GALIMIDI gave the four (4) ounces of suspected crystal methamphetamine to the UC before they departed. Laboratory analysis determined that the amount of pure methamphetamine purchased from GALIMIDI on this date was approximately 109.8 grams ± 4.1 grams with a purity rate of 97% ± 4%.

7. On or about April 11, 2019, the UC and GALMIDI agreed to meet at the Home Depot, located at 1701 W. Oakland Park Boulevard, Oakland Park, Florida, for a controlled purchase of approximately four (4) ounces of crystal methamphetamine for two thousand six hundred dollars ($2600.00). The Home Depot is located in the Southern District of Florida. Prior to arriving, the UC was equipped with audio and visual equipment, and provided with two thousand six hundred dollars ($2,600.00) in OAF. At approximately 8:42 p.m., GALIMIDI arrived at the Home Depot parking lot driving a black Audi, bearing Florida tag LGLG97. GALIMIDI exited the driver seat and retrieved a dark colored backpack from the back

seat of the Audi. Around the same time, an unknown male ("UM") exited the passenger seat of GALIMIDI's vehicle. Both GALIMIDI and the UM entered the Home Depot. At approximately 8:57 p.m., the UC arrived at the Home Depot and telephonically advised GALIMIDI that he/she had arrived. Shortly thereafter, GALIMIDI exited the west entrance of Home Depot carrying the dark colored backpack and entered the front passenger seat of the UC's vehicle. Once inside the vehicle, GALIMIDI opened the backpack and retrieved a crystal-like substance suspected to be crystal methamphetamine and handed it to the UC. In exchange, the UC took possession of the crystal methamphetamine and handed the $2,600 OAF to GALIMIDI. GALIMIDI counted and verified that the amount was correct. At approximately 9:02 p.m., GALIMIDI exited the UC vehicle and met up with the UM. Both GALIMIDI and the UM left the parking lot in the black Audi. Laboratory analysis determined that the amount of pure methamphetamine purchased from GALIMIDI on this date was 108.29 grams $\pm$ 4.1% grams with a purity rate of 96% $\pm$ 4%.

[INTENTIONALLY LEFT BLANK]

8. Based on my training and experience, and as further supported by the facts in this affidavit, I respectfully submit that probable cause exists that on or about February 15, 2019, February 22, 2019 and April 11, 2019, Scott GALIMIDI knowingly and intentionally possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). Pursuant to Title 21, United States Code, Section 841(b)(1)(B), it is further alleged that, for Count 1, the violation involved five (5) grams or more of methamphetamine, a Schedule II controlled substance. Pursuant to Title 21, United States Code, Section 841(b)(1)(A), it is further alleged that, for Counts 2-3, the violation involved fifty (50) grams or more of methamphetamine, a Schedule II controlled substance.

**FURTHER AFFIANT SAYETH NAUGHT**

_____
Donald Geiger, Task Force Officer
United States Drug Enforcement Administration

Subscribed and sworn to before me this the ____ day of October, 2019.

_____
HONORABLE BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE